IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL PARKS, : | |
|     Petitioner, : | |
| : | |
|         v. : | CIVIL ACTION NO.  15-CV-526 |
| : | |
| MARK GARMAN, *et al.*, : | |
|     Respondents. : | |

**MEMORANDUM**

**DUBOIS, J.**                                                                                   **JULY 27, 2020**

*Pro se* petitioner Paul Parks, a prisoner in state custody serving a life term for first-degree murder, has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b).  (*See* ECF No. 42.)  Parks seeks to reopen the judgment denying his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion for Relief from Judgment under Fed. R. Civ. P. 60(b) is **DISMISSED WITHOUT PREJUDICE** to *pro se* petitioner's right to seek authorization from the United States Court of Appeals for the Third Circuit to file a second or successive *habeas* petition pursuant to 28 U.S.C. § 2244(b)(3)(A).

**I.     BACKGROUND**

The procedural history and factual background of Parks' conviction is fully set forth in the Report and Recommendation of Magistrate Judge Elizabeth T. Hey dated March 9, 2018 (ECF No. 29.)  In that Report and Recommendation Magistrate Judge Hey recommended that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by *pro se* petitioner, Paul Parks, be denied.  By Order dated April 18, 2018, the Court approved and adopted the Report and Recommendation, overruled *pro se* petitioner's Objection, and denied the Petition.

The Objection to the Report and Recommendation related to the testimony of a witness, Malik Mustafa, and, specifically, his unredacted statement which was received in evidence in *pro se* petitioner's trial and which included inculpatory statements made my two (2) non-testifying declarants. This Court, in the April 18, 2018, Order approving and adopting the Report and Recommendation, ruled as follows:

> "The Magistrate Judge properly concluded that, because the statements by the two non-testifying declarants were made at a party, they were not testimonial and, as a consequence, did not violate the Confrontational Clause. *United States v. Hendricks*, 395 F.3d 173 (3d Cir. 2005). The Magistrate Judge correctly determined that the challenged statements were not inadmissible hearsay under Pennsylvania Rule of Evidence 803(25)(b). The fact that the *Hendricks* case involved statements recorded in a wiretap investigation does not render that authority distinguishable".

*Pro se* petitioner filed a Notice of Appeal from the ruling of this Court approving the Report and Recommendation of Magistrate Judge Hey. The United States Court of Appeals for the Third Circuit denied the request for a certificate of appealability by Order dated December 12, 2018, stating as follows:

> "Jurists of reason would agree with the District Court that Parks' claim lack merit. See 28 U.S.C. § 2253 (c)(2). In particular, jurists of reason would not debate whether Parks' trial counsel was ineffective for failing to make a meritless objection that the introduction of two non-testimonial statements violated his Confrontation Clause rights. See Crawford v. Washington, 541 U.S. 36, 51, 68 (2004); Strickland v. Washington, 466 U.S. 668, 687 (1984)".

In *pro se* petitioner's Rule 60(b) Motion he again makes the argument that trial counsel's ineffectiveness for failing to object to hearsay in the Mustafa statement was erroneous and that he was prejudiced by the admission of the statement because it denied him the right to cross-examine Mustafa.

## II. DISCUSSION

### A. Applicability of the AEDPA Limitation on Second or Successive Habeas Petitions to a Motion Filed Under Federal Rule of Civil Procedure 60(b)

Before reaching the merits of petitioner's Rule 60(b) Motion, the Court must determine whether *pro se* petitioner's Rule 60(b) Motion is, in essence, a second or successive 28 U.S.C. § 2254 habeas petition. Such a ruling is necessary because the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2241 et seq., ("AEDPA") limits a petitioner's ability to bring a second or successive habeas petition. Before filing a second or successive 28 U.S.C. § 2254 habeas petition raising new claims, a petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition *See* 28 U.S.C. § 2244(b)(3)(A). If a prisoner asserts a claim that he or she has already presented in a federal habeas petition, the claim must be dismissed.[1] 28 U.S.C. § 2244(b)(1).

The Supreme Court and the Court of Appeals for the Third Circuit have ruled that a Rule 60(b) motion to vacate a judgment denying a habeas corpus petition under 28 U.S.C. § 2254 is construed as a second or successive habeas petition where the Rule 60 (b) motion seeks to challenge the underlying state conviction. *See Gonzalez v. Crosby,* 545 U.S. 524 (2005); *Pridgen v. Shannon,* 380 F.3d 721 (3d Cir. 2004). In contrast, "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits." *Pridgen,* 380 F. 3d at 727.

A Rule 60(b) motion will be considered a second or successive habeas corpus petition where "it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the

---

[1] 28 U.S.C. § 2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

3

court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statues, entitled to habeas relief." *Gonzalez,* at 545 U.S. at 532 (emphasis in original; footnote omitted). "A determination that the Rule 60(b) motion was in essence a second or successive habeas petition means that, under the AEDPA, the District Court [d]oes not have jurisdiction to entertain the motion [unless the petitioner is authorized by the court of appeals] to file a successive habeas petition." *Pridgen,* 380 F.3d at 725 (citing 28 U.S.C. § 2244(b)).

### B.   Ineffective Assistance of Counsel

*Pro se* petitioner argues that he is entitled to relief from the judgment of the District Court concerning his ineffectiveness of counsel claim. In making this argument, *pro se* petitioner challenges the validity of his conviction. Because his Rule 60(b) motion "attacks the federal court's previous resolution of a claim in the merits," it is a second or successive habeas petition. *Gonzalez,* 545 U.S. at 532. Further, because *pro se* petitioner asserted a similar ineffective assistance of counsel claim related to the admissibility of the Mustafa statement in his initial habeas corpus petition that was denied, that claim is subject to dismissal pursuant to 28 U.S.C. § 2244 (b)(1).

### C.   Conclusion

*Pro se* petitioner's Rule 60(b) motion is a second or successive habeas corpus petition. *Pro se* petitioner seeks to relitigate a substantive claim challenging his conviction that was previously denied on the merits. Pursuant to 28 U.S.C. § 2244 (b)(2), a federal court does not have jurisdiction to review an unauthorized second or successive habeas corpus motion cloaked as a Rule 60(b) motion. The Rule 60(b) Motion is thus dismissed without prejudice to *pro se* petitioner's right to seek authorization from the United States Court of Appeals for the Third Circuit to file a second or successive habeas petition pursuant 28 U.S.C. § 2244 (b)(3)(a). In doing so, the Court notes that the

Court of Appeals for the Third Circuit, by Order dated December 12, 2018, denied a request for a certificate of appealability from this Court's Order dated April 18, 2018, which raised the same question – whether trial counsel was ineffective for failing to make a meritless objection that the introduction of two (2) non-testimonial statements violated *pro se* petitioner's Confrontation Clause rights.

    An appropriate order follows.