IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL PARKS,<br>          Petitioner,<br><br>     v.<br><br>STEVEN GLUNT,<br>THE DISTRICT ATTORNEY OF THE<br>COUNTY OF PHILADEPHIA, and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA,<br>          Respondents. | CIVIL ACTION<br><br><br><br>NO.  15-526 |

<u>MEMORANDUM</u>

**HODGE, J.**                                                                                                          **November 15, 2023**

**I.      INTRODUCTION**

*Pro se* petitioner Paul Parks ("Petitioner"), a prisoner in state custody serving a life term for first-degree murder, has filed a second Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(1). (ECF No. 67.) Petitioner requests this Court vacate the July 27, 2020 judgment (ECF Nos. 44–45.) in light of the Supreme Court's decision in *Kemp v. United States* and review his prior Rule 60(b)(1) motion (ECF No. 42.) anew and vacate the April 18, 2018 decision. (ECF No. 35.) For the reasons outlined below, this Court denies Petitioner's motion for relief under Rule 60(b)(1) as untimely and an unauthorized second or successive habeas petition.

**II.     BACKGROUND[1]**

The procedural history and factual background of Petitioner's conviction is fully set forth in the Report and Recommendation of Magistrate Judge Elizabeth T. Hey dated March 9, 2018. (ECF No. 29.) The procedural history of this matter is further detailed in the Opinion of Judge Jan E. DuBois dated July 27, 2020. (ECF No. 44.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

This Court denied the Petition for Writ of Habeas Corpus filed by *pro se* petitioner, Paul Parks, on April 18, 2018. (ECF No. 35.) Petitioner appealed the denial on April 25, 2018, (ECF No. 36.), which the Third Circuit denied on December 12, 2018. (ECF No. 41.) Petitioner first moved for relief under Rule 60(b)(1) on May 9, 2019. (ECF No. 42.) This Court found that Petitioner's prior Rule 60(b)(1) motion sought to relitigate a substantive claim challenging his conviction that was previously denied on the merits; as such, this Court dismissed Petitioner's prior motion without prejudice on July 27, 2020 because Petitioner did not seek authorization from the Third Circuit to file a second and successive habeas petition. (ECF Nos. 44–45.) After numerous extensions of time for COVID-related reasons, Petitioner appealed this dismissal of his Rule 60(b) motion, (ECF No. 61.), which the Third Circuit denied on April 16, 2021. (ECF No. 65.)

**III.   DISCUSSION**

Petitioner now moves for relief under Rule 60(b)(1) for a second time to vacate the July 27, 2020 judgment, (ECF Nos. 44–45), in light of the Supreme Court's decision in *Kemp v. United States*; to review his prior Rule 60(b)(1) motion (ECF No. 42) anew; and to vacate the April 18, 2018 decision. (ECF No. 35.) For the reasons outlined below, this Court denies Petitioner's Motion.

**A.   Petitioner's Motion is untimely.**

Federal Rule of Civil Procedure 60(b)(1) allows courts to relieve a party from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). Motions filed under Rule 60(b)(1) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Rule 60(c) does not discuss the effect of filling an appeal on this time requirement, but the Third Circuit has held that "[m]otions under Rule 60(b)(1)–(3) must be brought within one year of the entry of a

final judgment. An appeal does not toll this time period." *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 n.5 (3d Cir. 1987).

This Court dismissed Petitioner's prior Rule 60(b)(1) motion without prejudice on July 27, 2020 because Petitioner did not seek prior authorization from the Third Circuit to file a second and successive habeas petition. (ECF Nos. 44–45.) After numerous extensions of time for COVID-related reasons, Petitioner appealed this dismissal of his Rule 60(b) motion, (ECF No. 61.), which the Third Circuit denied on April 16, 2021. (ECF No. 65.) Petitioner's appeal did not toll the time period he had to move for relief under Rule 60(b)(1). *See Moolenaar*, 822 F.2d at 1346 n.5. Petitioner had one year from this Court's July 27, 2020 dismissal of his Rule 60(b)(1) motion—until July 27, 2021—to move for relief under Rule 60(b)(1). Yet, Petitioner did not move for relief under Rule 60(b)(1) until July 27, 2022. (ECF No. 67.) Thus, even if Petitioner identified a legal error warranting this Court's consideration under Rule 60(b)(1), he failed to bring it within the one-year timeframe. *See* Fed. R. Civ. P. 60(c)(1). Therefore, Petitioner's requested relief is time barred.

    **B.**  **Petitioner's Motion is a second or successive habeas petition.**

Even if Petitioner timely filed his Rule 60(b)(1) motion, Petitioner's present request for relief until Rule 60(b)(1) is a second or successive habeas petition.

If a prisoner asserts a claim that he or she has already presented in a federal habeas petition without prior authorization from the Third Circuit, then the claim must be dismissed as a second or successive habeas petition for which the district court lacks jurisdiction to consider. *See* 28 U.S.C. § 2244(b)(1). *See also Pridgen v. Shannon*, 380 F.3d 721, 725 (3d Cir. 2004) ("A determination that the Rule 60(b) motion was in essence a second or successive habeas petition means that, under the AEDPA, the District Court [d]oes not have jurisdiction to entertain the

3

motion [unless the petitioner is authorized by the court of appeals] to file a successive habeas petition.").

Presently before this Court is Petitioner's request that this Court vacate the July 27, 2020 judgment in light of the Supreme Court's decision in *Kemp v. United States*, review his prior Rule 60(b)(1) motion anew, and vacate the April 18, 2018 decision. In his current Motion, Petitioner does not identify any error by this Court to warrant this requested relief from the July 27, 2020 decision. Instead, Petitioner's only allegation regarding a difference between his previous Rule 60(b)(1) motion and this current Rule 60(b)(1) motion is the Supreme Court's recent decision in *Kemp v. United States*. (*See* ECF No. 67 at 4 ¶ 13 ("Petitioner filed under "mistake" of law **pre-Kemp** and this Honorable Court ruled that it was a second and successive petition[.]") (emphasis in original).) In *Kemp*, the Supreme Court held that "mistake" under Rule 60(b)(1) includes a judge's errors of law. *Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022).

However, this Court did not dismiss Petitioner's prior Rule 60(b)(1) motion because his arguments regarding "mistake" were inapplicable. Rather, this Court dismissed Petitioner's prior motion because district courts lack jurisdiction to decide second or successive habeas petitions unless Petitioner obtains an order from the appropriate court of appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). *See also Pridgen*, 380 F.3d at 725. This Court found that Petitioner's prior motion "attack[ed] the federal court's previous resolution of [his] claim on the merits," which is considered a second and successive habeas petition. (ECF No. 44 at 3–4 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).)

Here, instead of identifying an error of law in the July 27, 2020 decision, Petitioner's Motion reiterates his arguments from his prior Rule 60(b)(1) motion that this Court did not consider the reliability of the unredacted statement of a witness, Malik Mustafa, and did not distinguish *United States v. Hendricks*, 395 F.3d 173 (3d Cir. 2005) from the facts of his case when

denying Petitioner's habeas corpus petition, which was a "mistake." (*See* ECF No. 67 at 3–4 ¶¶ 4–11.) Petitioner's Motion is again a direct challenge to the substance of the April 18, 2018 decision denying Petitioner's habeas petition. As such, the same issue remains that Petitioner's Rule 60(b)(1) motion is an unauthorized second or successive petition because Petitioner did not seek authorization from the Third Circuit pursuant to 28 U.S.C § 2244(b)(3)(a). This Court's conclusion that Petitioner's current motion is a second or successive habeas petition is bolstered by Petitioner's requested relief mirroring the requested relief in his prior motion. (*Compare* ECF No. 67 at 4 ("[R]eview [prior motion] anew and vacate the April 18, 2018 judgment"), *with* ECF No. 42 at 5 ¶ 29 ("This matter should be reopened and the judgment entered on April 18, 2018, should be vacated due to mistake.").)

To the extent that Petitioner's current Rule 60(b)(1) motion argues that this Court's holding that his prior Rule 60(b)(1) motion was a second or successive habeas petition was a mistake, this Court does not agree. For the reasons articulated above, Petitioner's prior Rule 60(b)(1) motion was a clear and direct challenge to the substance of this Court's April 18, 2018 decision for which this Court lacked jurisdiction to review without authorization from the Third Circuit.

IV.  **CONCLUSION**

This Court denies Petitioner's motion for relief under Rule 60(b)(1) as untimely and an impermissible second or successive habeas petition. An appropriate order follows.

                                                            **BY THE COURT:**

                                                            **/s/ Hon. Kelley B. Hodge**
                                                           **HODGE, KELLEY B., J.**